IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

KATHERINE JOAN MILLER             CASE NO.      8:17-bk-07239-MGW
RICH L. MILLER
                                  CHAPTER      7

         Debtors.

_____/

## MOTION FOR RELIEF FROM AUTOMATIC STAY

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

**PURSUANT TO LOCAL RULE 2002-4, THE COURT WILL CONSIDER THE RELIEF REQUESTED IN THIS PAPER WITHOUT FURTHER NOTICE OR HEARING UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN TWENTY-ONE (21) DAYS FROM THE DATE SET FORTH ON THE ATTACHED PROOF OF SERVICE, PLUS AN ADDITIONAL THREE DAYS FOR SERVICE IF ANY PARTY WAS SERVED BY U.S. MAIL.**

**IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PAPER, YOU MUST FILE A RESPONSE WITH THE CLERK OF THE COURT AT THE UNITED STATES BANKRUPTCY COURT, 801 N. FLORIDA AVENUE, SUITE 555, TAMPA, FLORIDA, 33602 AND SERVE A COPY ON THE MOVANT'S ATTORNEY, BUCKLEY MADOLE, P.C., P. O. BOX 22408, TAMPA, FLORIDA, 33622 AND ANY OTHER APPROPRIATE PERSONS WITHIN THE TIME ALLOWED. IF YOU FILE AND SERVE A RESPONSE WITHIN THE TIME PERMITTED, THE COURT WILL EITHER SCHEDULE AND NOTIFY YOU OF A HEARING, OR CONSIDER THE RESPONSE AND GRANT OR DENY THE RELIEF REQUESTED WITHOUT A HEARING.**

**IF YOU DO NOT FILE A RESPONSE WITHIN THE TIME PERMITTED, THE COURT WILL CONSIDER THAT YOU DO NOT OPPOSE THE RELIEF REQUESTED IN THE PAPER, WILL PROCEED TO CONSIDER THE PAPER WITHOUT FURTHER NOTICE OR HEARING, AND MAY GRANT THE RELIEF REQUESTED.**

U.S. Bank National Association, as Trustee relating to the Chevy Chase Funding LLC,

Mortgage-Backed Certificates, Series 2005-2, its successors and/or assigns ("Movant"), by and

through its undersigned attorney, moves the Court for relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1), and states:

     1.     On February 25, 2005, Debtors executed and delivered a promissory note and mortgage securing payment of the note in favor of Chevy Chase Bank, F.S.B.

     2.     Movant, directly or through an agent, holds the promissory note and has the right to enforce and foreclose its lien. A copy of the promissory note, mortgage and assignment of mortgage is attached hereto and incorporated herein as Composite Exhibit "A."

     3.     Specialized Loan Servicing LLC services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant or Movant's successor or assignee. Movant, directly or through an agent, has possession of the Note. The Note is either made payable to Movant or has been duly endorsed. Movant is the original mortgagee or beneficiary or the assignee of the Mortgage/Deed of Trust.

     4.     The mortgage secures real property located in Sarasota County, Florida, which is more particularly described as follows:

A PARCEL OF LAND IN SECTION 1, TOWNSHIP 37 SOUTH, RANGE 17 EAST, SARASOTA COUNTY, FLORIDA, MORE PARTICULARLY DESCRIBED AS FOLLOWS: FROM THE NORTHEAST CORNER OF GOVERNMENT LOT 6, SECTION 1, TOWNSHIP 37 SOUTH, RANGE 17 EAST; THENCE EAST ALONG THE NORTH LINE OF GOVERNMENT LOT 5, SECTION 1, TOWNSHIP 37 SOUTH, RANGE 17 EAST, A DISTANCE OF 51 FEET MORE OR LESS TO THE EAST RIGHT-OF-WAY LINE OF HIGEL AVENUE; THENCE NORTH 8 DEGREES 17 MINUTES 00 SECONDS EAST ALONG THE EAST RIGHT-OF-WAY LINE OF HIGEL AVENUE DISTANCE OF 50 FEET, MORE OR LESS; THENCE CONTINUE NORTH 8 DEGREES 17 MINUTES 00 SECONDS EAST ALONG THE SAID EAST RIGHT-OF-WAY OF HIGEL AVENUE A DISTANCE OF 2176.11 FEET; THENCE NORTH 12 DEGREES 41 MINUTES 00 DEGREES EAST, ALONG THE AFORESAID EAST RIGHT-OF-WAY LINE OF HIGEL AVENUE A DISTANCE OF 530.52 FEET TO THE SOUTH RIGHT-OF-WAY LINE OF ROBERTS POINT ROAD; THENCE EAST ALONG THE SOUTH RIGHT-OF-WAY LINE OF ROBERTS POINT ROAD A DISTANCE OF 542.6 FEET MORE OR LESS; THENCE SOUTHEASTERLY ALONG THE WEST RIGH-OF-WAY LINE OF ROBERTS POINT ROAD A DISTANCE OF 714.47 FEET TO THE NORTHEAST CORNER OF LOT 5A, BLOCK 48, REVISED SIESTA, AS PER PLAT THEREOF RECORDED IN PLAT BOOK A, PAGE 38, OF THE PUBLIC RECORDS OF SARASOTA COUNTY, FLORIDA; THENCE SOUTH ALONG THE SAID WEST RIGHT-OF-WAY LINE OF ROBERTS POINT ROAD A DISTANCE OF 100 FEET; THENCE EAST 24 FEET FOR A POINT OF BEGINNING;

THENCE CONTINUE EAST A DISTANCE OF 93.00 FEET TO THE EASTERLY FACE OF THE EXISTING SEAWALL CAP; THENCE NORTH 1 DEGREE 25 MINUTES 57 SECONDS EAST ALONG THE EASTERLY FACE OF SAID SEAWALL CAP, A DISTANCE OF 3.15 FEET; THENCE NORTH 18 DEGREES 47 MINUTES 20 SECONDS EAST ALONG THE SAID EASTERLY FACE OF SEAWALL CAP A DISTANCE OF 29.02 FEET; THENCE NORTH 6 DEGREES 20 MINUTES 01 SECONDS EAST ALONG SAID FACE OF SEAWALL CAP A DISTANCE OF 69.80 FEET; THENCE WEST A DISTANCE OF 110.15 FEET TO THE EAST RIGHT-OF-WAY OF ROBERTS POINT ROAD; THENCE SOUTH ALONG SAID EAST RIGHT-OF-WAY OF ROBERTS POINT ROAD 100 FEET TO THE POINT OF BEGINNING, AND BEING ALL LANDS LYING EAST OF ROBERTS POINT ROAD TO THE WATERS OF BAYOU HANSON LYING SOUTHERLY OF THE EASTERLY PROLONGATION OF THE NORTHERLY LINE OF LOT 5A, AND NORTHERLY OF THE EASTERLY PROLONGATION OF THE SOUTHERLY LINE OF LOT 5B, BLOCK 48, REVISED SIESTA, AS PER PLAT THEREOF RECORDED IN PLAT BOOK A, PAGE 38, OF THE PUBLIC RECORDS OF SARASOTA COUNTY, FLORDIA.

**AKA 4019 Roberts Point Road, Sarasota, Florida 34242 ("Collateral").**

5.      Debtors are in default. As of August 24, 2017, the contractual due date is December 1, 2008, with an unpaid principal balance due in the amount of $1,406,233.04 along with a total debt due in the amount of $1,734,043.21. According to the Statement of Intention, Debtors indicate an intent to surrender the Collateral.

6.      The Collateral is not listed as exempt on Schedule C.

7.      According to the Debtors' Schedules, the value of the Collateral is $1,617,195.00.

8.      The address for post-petition payments is Specialized Loan Servicing LLC, PO Box 636007, Littleton, Colorado, 80163.

9.      It would be inequitable to permit Debtors to retain the Collateral, as there is no equity in the Collateral and it is not necessary for an effective reorganization.

10.     The value of the Collateral is insufficient to provide Movant with adequate protection.

11.     Furthermore, Movant is not receiving payments from Debtors to protect against the erosion of its collateral position.

12.     If Movant is not permitted to enforce its security interest in the Collateral, it will suffer irreparable injury, loss, and damage.

**WHEREFORE**, Movant, respectfully requests that the Court enter an order:

a.  terminating the automatic stay;

b.  permitting Movant to take any and all steps necessary to exercise any and all rights it may have in the Collateral described herein;

c.  allowing Movant to gain possession of the Collateral; and

d.  granting such other relief that the Court may deem just and proper.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served by CM/ECF notice and

regular mail to the parties below this <u>29th</u> day of <u>August</u>, <u>2017</u>.

**BUCKLEY MADOLE, P.C.**

<u>*/s/ Austin M. Noel*</u>
Austin M. Noel, Esquire
Florida Bar Number 106539
Buckley Madole, P.C.
P.O. Box 22408
Tampa, FL 33622
Telephone/Fax: 813-774-6221
bkfl@buckleymadole.com

**VIA REGULAR MAIL**
Katherine Joan Miller
PO Box 585
Sarasota, FL 34230-0585

Rich L. Miller
4019 Roberts Point Rd
Sarasota, FL 34230

**VIA CM/ECF NOTICE**
Michael A. Ziegler
13575 58th St N
Suite 129
Clearwater, FL 33760-3799

**Chapter 7 Trustee**
Traci K. Stevenson
P O Box 86690
Madeira Beach, Florida 33738